IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAVIOUS MARQUES BOYD,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **RIVERBEND REH. FAC.,** : <br> **ALL EMPLOYEES AT WARE** : <br> **STATE PRISON,** : <br> : <br> **Defendants.** : <br> : | **Case No. 5:23-cv-00212-TES-CHW** |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Davious Marques Boyd, a prisoner at Ware State Prison in Waycross, Georgia, filed this 42 U.S.C. § 1983 complaint. ECF No. 1. He also filed a motion to proceed *in forma pauperis*. ECF No. 2. His motion to proceed *in forma pauperis* is **GRANTED** for the purpose of this dismissal alone and this complaint is **DISMISSED** as frivolous under 28 U.S.C. § 1915A(b)(1).

### REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. For the purpose of this dismissal, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.

Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection

of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## **<u>PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT</u>**

    I.    STANDARD OF REVIEW

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screenings, the Court must accept all factual allegations in the complaint as

true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Boxer X*, 437 F.3d at 1110 (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b)(1)-(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citations omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id*. (internal quotation marks and citations omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citations omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id*. at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or

4

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   ANALYSIS

Here, Plaintiff utilizes a standard form sent to him in a previous civil action and lists "Riverbend Reh Fac" as a Defendant. ECF No. 1 at 1. Plaintiff indicates that he is presently incarcerated at Ware State Prison and when asked to list his Defendants he responds with "all of employees that work here". *Id*. at 4. When asked where the incident he is complaining about occurred, Plaintiff responds with "all of them do the nature of my crime" and as to when the incident occurred, he responds with "check video footage". *Id*. at 5. When asked "what happened", Plaintiff responds solely with "check security cameras". *Id*. For listing witnesses, Plaintiff states "everybody that was in my living area check my doc file supena (sic) every inmate/ every staff personel (sic) too to testify if they wanna pay raise and to keep their job on blood". *Id*. at 6. For Plaintiff's requested relief, he states, in part:

> HELP ME START EACH TYPE OF LEGAL PROFESSION WITH FUNDS FROM WASHINGTON D.C. START MY OWN RECORD LABEL FROM RIGHT HERE @ WARE ST. PRISON FREE CARS FROM DEALERSHIP ACROSS THE ENTIRE UNIVERSE @ MY REQUEST NO

      MATTER THE PRICE AND 120 BILLION DOLLARS PUT INTO A WELL FARGO BANK ACCOUNT UNTIL I CAN START MY OWN BANKS AND 5MILLION $DOLLAR$ ON SWR3W IN DIAMONDS OF MY CHOICE FOR ME AND EVERY PERSON I REQUEST GOD BLESS YOU

*Id*. at 6.

Plaintiff then adds other requests in the margin including "to donate plasma blood and sperm so I can start my own offspring from W.S.P. I'm childless" and "also ship cell K9 to a facility where he can have or get druck (sic) store call or any contact with the real world". *Id*.

In previous civil actions, Plaintiff was repeatedly advised by this Court that to bring a §1983 lawsuit he must name an actionable Defendant (not prisons and collective Doe defendants), present factual allegations that each Defendant has committed a constitutional violation against him, and request relief that is available from the district courts. *See* ECF No.7 in *Boyd v. Bailey*, 5:22-cv-447-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-448-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-449-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Rehabilitation Facility*, 5:22-cv-451-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-452-TES-CHW (M.D. Ga. Mar. 6, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-453-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-456-TES-CHW

(M.D. Ga. Feb. 22, 2023).[1]  Despite being instructed at least seven times on how to raise a constitutional claim, Plaintiff again fails to identify an actionable Defendant, raises no statement of claim other than "check security cameras", and requests fanciful and delusional relief from this Court.   ECF No. 1 at 4-6.

The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  In *Neitzke*, the United States Supreme Court provided examples of frivolous or malicious claims.  These examples that fit into the factually baseless category included complaints where the defendant is clearly immune from suit, complaints where the plaintiff alleges infringement of a legal interest which obviously does not exist, and complaints detailing fantastic or delusional scenarios. *Id*. at 327-328. District courts are vested "with broad discretion in determining whether to dismiss an action as frivolous or malicious....". *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Phillips v. Mashburn*, 746 F.2d 784-785 (11th Cir. 1984) (per curiam) ("Frivolous suits unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense."); *Bilal v. Driver,* 251

---

[1] These civil actions and two others filed within the same two-month period were often shotgun pleadings or frivolous and all were dismissed for failure to follow court orders or as duplicative.  *See also Boyd v. GeoGroup Inc., * 5:22-cv-387-MTT-MSH (M.D. Ga. Jan. 23, 2023); *Boyd v. Riverbend Correctional Facility*, 5:22-cv-450-TES-CHW (M.D. Ga. Jan. 3, 2023).

F.3d 1346, 1348–49 (11th Cir.2001) (stating that "[a] determination of frivolity is best left to the district court").

A claim can be frivolous when it appears that a plaintiff has little or no chance of success. *Bilal*, 251 F.3d at 1349 (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)) ("A claim is frivolous if it is without arguable merit either in law or fact."). Here, Plaintiff names a prison, Riverbend Correctional, as his defendant as well as "all of employees that work here" which is presumably his current place of incarceration, Ware State Prison. ECF No.1 at 1 and 4. As Plaintiff has been advised *ad nauseum*,[2] prisons cannot be Defendants in a § 1983 civil action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58. 71; *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016) (dismissing § 1983 claims against Riverbend Correctional Facility); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"). Likewise, as Plaintiff has also been previously instructed,[3] use of the term "employees or staff" when referencing defendants, is not adequate to state a claim against a "person" as required in cases filed pursuant to § 1983. Conclusory references to employees and staff in general

---

[2] *See* ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-448-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-449-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Rehabilitation Facility*, 5:22-cv-451-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-452-TES-CHW (M.D. Ga. Mar. 6, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-453-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-456-TES-CHW (M.D. Ga. Feb. 22, 2023).
[3] *See* ECF No.7 in *Boyd v. Bailey*, 5:22-cv-447-TES-CHW (M.D. Ga. Feb. 22, 2023)

fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). A damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *See Hale*, 50 F.3d at 1582; *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law). Thus, collective liability, *i.e.*, when claims are brought against persons such as "all employees", is not permitted under § 1983 and a plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen"). Lastly, Plaintiff reducing his allegations to "check security cameras" is a wholly unacceptable means of stating a claim. When a litigant fails to provide factual allegations in support of his claims, the complaint is subject to dismissal. *See Chappell*, 340 F.3d at 1282-84; *Twombly*, 550 U.S. at 555 (citations omitted) (finding that the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level");

9

*Williams, Scott & Assocs. LLC v. Sally Yates*, 842 F. App'x 539, 540 (11th Cir. 2021) (per curiam) (concluding district court did not abuse its discretion in dismissing plaintiff's complaint as frivolous where his "naked assertions of a conspiracy involving more than a dozen federal agents, judges, and lawyers, without any sufficient supporting factual allegations to allege a plausible claim, is the type of fanciful complaint the frivolity screening seeks to reject"). Here, Plaintiff's complaint has no chance of success due to his failure to name actionable defendants and his failure to present any factual allegations that would plausibly state a claim. Consequently, Plaintiff's complaint can be dismissed as frivolous. *Miller*, 541 F.3d at 1100; *Bilal*, 251 F.3d at 1349.

Even most disconcerting to the Court is Plaintiff's rambling incomprehensible requests for relief. *See* ECF No. 1 at 6. The Court obviously cannot "help [Plaintiff] start each type of legal profession with funds from Washington D.C.", nor aid Plaintiff to "start [his] own record label from … Ware St. Prison" nor provide "free cars from dealership across the entire universe @ [Plaintiff's] request no matter the price" nor put "120 billion dollars … into a Well Fargo bank account until [Plaintiff] can start [his] own banks" nor give Plaintiff "5million $dollar$ on swr3w in diamonds of [his] choice for [him] and every person [he] request" nor aid Plaintiff "to donate plasma blood and sperm so [he] can start [his] own offspring from [prison]" *See id.* at 6. A complaint can also be considered "frivolous" if it "involve[s] factual contentions that are fanciful, fantastic, irrational, and/or delusional". *Porter v. Governor*, 667 F. App'x 766, 767 (11th Cir. 2016) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Here, Plaintiff's requests "rise

to the level of the irrational or wholly incredible" and, therefore, this civil action is frivolous. *Denton*, 504 U.S. at 33.

District courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526, 526 n.3 (11th Cir. 1983); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke*, 490 U.S. at 327 (finding that a district court "may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless'"). This case qualifies for such treatment. First, Plaintiff's complaint is without arguable merit in law or fact and has no chance of success. *Bilal*, 251 F.3d at 1349; *Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984) (affirming dismissal of tax court petition on basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," and stating that Court should not have been put to the trouble of "adjudicating" the meritless appeal). Additionally, Plaintiff is "describing fantastic or delusional scenarios" in his requested relief. *Neitzke*, 490 U.S. at 327-328; *Denton*, 504 U.S. at 32-33. Accordingly, and for all other reasons set forth above, Plaintiff's complaint is **DISMISSED with prejudice**[4] as

---

[4] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be exercised only in appropriate cases." *Camp*, 798 F.2d at 438. This is an "appropriate case[]". *Id.*; *see also Jefferson Fourteenth Assocs.*, 695 F2d at 526 n.3. This case qualifies for dismissal with prejudice because Plaintiff's allegations "'are clearly baseless and without arguable merit in fact'". *Jordan v. Cent. Intel. Agency*, No. 5:18-cv-

frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

The Court also notes that since October 2022, Plaintiff has filed at least sixteen lawsuits, including the above-named action, that lie in the Middle District of Georgia. *See Boyd v. GeoGroup*, 5:22-cv-387-MTT-MSH (filed October 6, 2022), *Boyd v. Bailey,* 5:22-cv-447-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-448-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-449-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-450-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-451-TES-CHW (filed Nov. 25, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-452-TES-CHW (filed Nov. 30, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-453-TES-CHW (filed Dec. 1, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-456-TES-CHW (filed Dec. 5, 2022); *Boyd v. Warden Cox,* 5:23-cv-198-MTT-CHW (filed June 5, 2023);   *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-207-MTT-CHW (filed June 13, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-211-MTT-MSH (filed June 16, 2023); *Boyd v. Hancock State Prison,* 5:23-cv-219-MTT-CHW (filed June 21, 2023); *Boyd v. Bailey,* 5:23-cv-222-MTT-CHW (filed June 27, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-224-MTT-MSH (filed June 26, 2023). Most of these actions are frivolous like the present suit or raise duplicative claims or are impermissible shotgun pleadings. *See id*.

---

455 (MTT), ECF No. 4 (M.D. Ga. Dec. 5, 2018) (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)); *Davis*, 261 F. App'x at 235.

Plaintiff has been previously cautioned that his filing habits are grounds for sanctions. *See* ECF No. 7 in *Boyd v. Riverbend Correctional Facility,* 5:22-cv-00450-TES-CHW (filed Nov. 23, 2022). The Eleventh Circuit recognizes that restricting a plaintiff's ability to file can be "necessary and prudent to protect the rights of all litigants in the federal system" when the plaintiff repeatedly abuses his filing rights. *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time," and when a litigant repeatedly submits a flood of claims, "the claims of other litigants necessarily suffer". *Id.* at 1072. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* at 1073; *citing In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2nd Cir. 1984), *cert. denied*, 474 U.S. 1061 (1986).

"Access to the courts is unquestionably a right of considerable constitutional significance," but it is "'neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id.* Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants". *Id.* District courts are afforded considerable discretion in designing and drafting measures for such protection. *Shell v. U.S. Dep't of Hous. and Urban Dev.*, 355 Fed. App'x. 300, 308 (11th Cir. 2009). These

measures may include but are not limited to dismissals for abuse of the judicial process (which qualify as strikes under 28 U.S.C. § 1915(g)) or a monetary penalty or a prohibition against future *pro se* filings pursuant to Rule 11 of the Federal Rules of Civil Procedure. Thus, prohibiting the filing of future civil actions without first seeking leave of the court is one of the methods a district court may utilize to control a repetitive and excessive filer such as Mr. Boyd. *Cobble v. U.S. Gov't*, 816 Fed. App'x 355, 360 (11th Cir. 2020); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 514-16 (11th Cir. 1991) (upholding a district court sanction barring future civil actions without prior approval of the court for a plaintiff with a history of frivolous and vexatious litigation); *see also e.g.,* ECF No. 15 in *Cobble v. Jones*, case # 4:16-cv-362-LAG-MSH (sanctioning abusive filer for a period of one year by barring him from any and all future *pro se* actions without obtaining prior judicial approval).

If Mr. Boyd files additional frivolous lawsuits, the Court may prohibit him from submitting any filings, in new actions or actions already pending before the Court, without first submitting a petition for leave to file in accordance with instructions detailed in the order issuing the sanction.

**SO ORDERED** this 6th day of July, 2023.

S/ Tilman E. Self, III_____
TILMAN E. SELF, III., JUDGE
UNITED STATES DISTRICT COURT

14